# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| JUANA A. DUNLEAVY | § | |
| | § | |
| v. | § | CIVIL ACTION NO.   1:21-cv-127 |
| | § | |
| LEXINGTON FURNITURE | § | |
| INDUSTRIES, INC. D/B/A | § | |
| LEXINGTON HOME BRANDS | § | |
| D/B/A TOMMY BAHAMA | § | Jury Demanded |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE DISTRICT JUDGE:

Comes Now Juana A. Dunleavy, Plaintiff herein, complaining of Defendant Lexington Furniture Industries, Inc. D/B/A Lexington Home Brands D/B/A Tommy Bahama and files this Plaintiff's Original Complaint asserting claims under the Age Discrimination in Employment Act, Title VII, Section 504 of the Rehab Act and 28 U.S.C. section 1981 and would show unto the court as follows:

### I. PARTIES, JURISDICTION AND VENUE

1. Plaintiff Juana A. Dunleavy ("Plaintiff" or "Dunleavy") is currently a citizen and resident of Cedar Park, Travis County, Texas and is a former employee of Defendant. She worked for Defendant in Austin, Travis County, Texas until her wrongful termination and all relevant events occurred in Travis County, Texas, which is within the jurisdiction of this court.

2. Defendant Lexington Furniture Industries, Inc. D/B/A Lexington Home Brands D/B/A Tommy Bahama ("Defendant" or "Lexington") is a business entity which is a foreign North Carolina for profit corporation doing business in Austin, Travis County Texas.   Lexington

1

Furniture Industries, Inc. D/B/A Home Brands is headquartered in High Point, NC, with manufacturing and distribution facilities in Lexington and Hickory, NC; wholesale showrooms in High Point, NC; trade showrooms in Denver and Manhattan; and Tommy Bahama Home retail stores in Newport Beach, CA and Austin, Texas. Defendant may be served by serving its registered agent: Registered Agent Solutions, 1701 Directors Blvd., Ste 300, Austin, Texas 78744. However, no service is requested at this time as a request for waiver of service has been sent to the Defendant.

3. This court has jurisdiction to hear the merits of Plaintiff's claims due to the federal questions raised pursuant to the Age Discrimination in Employment Act, the claims under Section 504 of the Rehab Act and claims under 28 U.S.C. section 1981 and claims arising under Title VII. The court further has supplemental jurisdiction as to any remaining related state claims.

4. All the acts alleged herein occurred in Austin, Travis County, Texas, and are within the jurisdiction and district of this court.

## II. FACTUAL BACKGROUND

5. Plaintiff was employed by Defendant Lexington Home Brands D/B/A Tommy Bahama in Austin, Travis County, Texas and started on February 10, 2019, in the position of design consultant earning $21.00 hourly plus commissions and working approximately 34 to 36 hours per week.

6. At the beginning of her employment, the training she received was enjoyable, her coworkers were very friendly and everyone got along. Plaintiff did not have any performance issues and believed she was one of the top salespeople.

7. In mid-April 2019, she went on a house call, where she took pictures, absorbed. family life, obtained measurements, etc., in order to establish a color scheme and design to see if

the furniture the customer desired would fit in their space. On this particular house call, Cody Rackley, Design Consultant, Caucasian Male, age 28ish, was sent along with Plaintiff. Although this was Plaintiff's customer, Cody began to overstep his boundaries by interacting with the client more than he should have. Plaintiff was able to close on the sale, but knew what Cody was doing was not right. It was Plaintiff's belief that Cody's behavior was encouraged by David Boggess, Store manager, and Theresa Chovan, Assistant Manager. None of the other Design Consultants had people accompany them on their house calls.

8. In about June 2019, Plaintiff began hearing comments about her age and her accent from her co-workers and Management. Initially, she did not allow the comments to bother her. However, as time went on, the comments did not stop. An. example of a comment about her age was when Sherry Griffith, Director, said "people should know when to retire" and it was Plaintiff's belief that she was referring to Plaintiff. Another example was when employees were receiving training on the computers, David Boggess, store manager, and Theresa Chovan, assistant manager stated that Plaintiff would need. extra training to make sure she understood the programs and the computer. They did not doubt anyone else in the training. Plaintiff believed that they doubted that she could be trained because of her mental capacity and age.

9. There was also an instance when assistant manager Theresa insisted that Plaintiff continuously call and email a potential client. Plaintiff had already contacted the client a sufficient number of times and told Theresa she did not think it was necessary to call the potential client again. Theresa told Plaintiff that she, manager David and Plaintiff would need to talk about the incident. Moreover, in retaliation, Plaintiff was required to price and build sofas and sectionals repeatedly, which was extremely humiliating given Plaintiff's expertise and experience. There were no other designers who were required to do what Plaintiff was being made to do. Plaintiff's

ability to do her job was being questioned and doubted because of her age, accent and national origin. Plaintiff had not made any errors. and there was no other reason to subject her to different terms and conditions of employment than her coworkers.

10.  Plaintiff is from El Salvador and has a noticeable accent. During her employment, she was often told that she was not able to be understood because of her accent; Not only did she deny that she could not be understood, she informed her co-workers and management that they would need to get used to her accent because it was not going away. An example of being harassed about her accent was if she said the word "focused", she would be accused of using profanity.

11.  Management was responsible for assigning referrals of clients and designers interested in the company services. Instead of evenly distributing the referrals, all of them went to Cody and Joel Legget, Design Consultants who were Caucasian Males aged 30ish. Although Gabriella Banka, Polish female, over 40 years old, and Plaintiff were available to receive referrals they were not given any in the same amount. There were instances when Plaintiff would be working with a client and assistant manager Theresa would come behind Plaintiff to listen to what the customer and Plaintiff were talking about.  If Plaintiff walked away to get a sample, Theresa would tell the customer that she would be able to help them better than Plaintiff could and she would give them her business card.  It had never been the practice for an Assistant Manager to take the client of a Design Consultant. The company was taking actions and asserting Plaintiff was not a good salesperson, again. based on Plaintiff's age and accent, which affected her income and commissions.

12.  in about mid-September 2019, Plaintiff called Ken Crews, Vice President of Human Resources, to inform him of and complain about all of the discriminatory treatment she was receiving regarding her sex (female), age (73)  and national origin ( born in El Salvador). Plaintiff

told Crews she was ready to resign because of the discriminatory treatment. Crews told her that he would talk to the directors and management of the Austin Store. He encouraged her not to resign and told her he would get back to her regarding her complaints.

13. In the meantime, in about the end of October 2019, Plaintiff spoke to John Griffith, Director, and informed him of the discriminatory treatment she was receiving regarding at least her sex, age and national origin. Plaintiff was also the primary caretaker of her disabled son who suffered from a disability related to his schizoaffective disorder and had to periodically take off from work to care for him and take him to and medical appointments. As a result, part of the discrimination against Plaintiff resulted from her associational disability and need to take care of her son's medical needs based on her son's condition.

14. Director John Griffith asked if Plaintiff authorized him to talk to Ken, David and Sherry to see what could be done. She authorized John to speak with Management and Human Resources.

15. However, on November 9, 2019, Plaintiff was unexpectedly called into the office by David Boggess, store manager, who asked Plaintiff to sit down. Plaintiff asked him if she was being fired and he told her she was being terminated. Plaintiff asked him why she was being fired and he told her she was an excellent designer, but had not been happy at work and that she was not a team player. Plaintiff did not enjoy constantly being subjected to discrimination and harassment but did not allow it to affect her performance. Plaintiff asked for a letter stating the reasons she was being fired and the manager told Plaintiff he could no longer talk to herand she needed to talk to Human Resources. When she communicated to Ken via email, he apologized that her employment did not work out but did not provide a letter or reason for the termination.

16. Plaintiff asserts she was terminated based on her age, sex, national origin and need to take leave because of the disability of her son, and because of her complaints and opposition to discrimination and harassment. Plaintiff asserts claims based on discrimination, harassment and retaliation for violation of The Age Discrimination in Employment Act of 1967, Title VII of the Civil Rights Act of 1964, as amended, based on race and sex, and violations of 28 U.S.C section 1981 and asserts a 504 Rehab Act claim based on disability and/or associational disability related to her care for her son and necessary leave.

### III. CAUSES OF ACTION

**A.  Discrimination Under Title VII and/or 42 U.S.C. § 1981**

17. Plaintiff realleges and reincorporates the allegations contained in Paragraphs 1 through 16 as if fully restated herein.

18. Defendant's actions, as described herein, constitute unlawful discrimination, harassment and retaliation on the basis of Plaintiff's sex, race and/or national origin in violation of Title VII of the Civil Rights Act of 1964, as amended, and the Civil Rights Act of 1866, 42 U.S.C. § 1981, by subjecting her to the unlawful discriminatory and retaliatory actions described above.

19. As a result of the unlawful discriminatory actions of Defendant as described above, Plaintiff Dunleavy has suffered, and will continue to suffer actual damages in the form of lost wages, medical and mental health costs, both past and future, and lost employment benefits, for which she hereby sues.

20. As a further result of Defendant's actions, Plaintiff has also suffered non-pecuniary losses, including but not limited to emotional pain, suffering, inconvenience, mental

anguish, damages to her reputation and loss of enjoyment of life.  Plaintiff is therefore entitled to compensatory damages.

21. Defendant's actions were done with malice and/or with reckless indifference to Plaintiff's federally protected rights.  Plaintiff is therefore entitled to punitive damages, for which she hereby sues.

22. Plaintiff seeks attorneys' fees and costs of suit under the applicable statutes.

**B.** **Retaliation Under 42 U.S.C. §§ 1981 and 2000e, et. seq.**

23. Plaintiff Dunleavy realleges and incorporates the allegations contained in Paragraphs 1 through16 as if fully restated herein.

24. Defendant intentionally discriminated and retaliated against Plaintiff in violation of Title VII of the Civil Rights Act of 1964, as amended, and the Civil Rights Act of 1866, 42 U.S.C. § 1981, by subjecting her to the unlawful discriminatory and retaliatory actions described above, including termination after her complaints.  Defendant retaliated against Plaintiff because of her complaints of and opposition to race, national origin and sex discrimination.  As a result of the unlawful discriminatory and retaliatory actions of Defendant as described above, Plaintiff has suffered, and will continue to suffer actual damages in the form of lost wages, medical and mental health costs, both past and future, and lost employment benefits.

25. As a result of Defendant's unlawful acts sex, race and/or national origin discrimination and retaliation, Plaintiff has suffered compensatory damages by reason of emotional pain, suffering, inconvenience, mental anguish, loss of reputation, loss of enjoyment of life, and other non-pecuniary damages.

26. At all times relevant to this action, Defendant acted with malice or reckless indifference to Plaintiff's federally protected rights under Title VII and 42 U.S.C. § 1981, and other applicable statutes thus entitling Plaintiff to punitive damages.

27. Plaintiff is also entitled to reasonable attorneys' fees and costs.

**C.** **Claims Arising Under The Section 504 Rehab Act 29 Usc Sec. 794 Et Seq.**

28. Plaintiff incorporates the factual allegations set forth above and set forth herein as if set forth verbatim.

29. Upon information and belief, Defendant entered into federal contracts or received / receives federal funds or assistance.

30. In the alternative, Plaintiff alleges that based on Plaintiff's association with a handicapped individual (Plaintiff's son) and her need for related leave and accommodations, Defendant discriminated against Plaintiff. Plaintiff has shown: (1) her qualification for the job, (2) an adverse employment action, (3) the employer's knowledge of the employee's disabled relative, and (4) that the adverse employment action occurred under circumstances raising a reasonable inference that the relative's disability was a determining factor in the employer's adverse action.

31. These acts by the Defendant constitute unlawful intentional discrimination and/or retaliation in violation of section 504 of the REHAB ACT 29 USC Sec. 794 et seq. and entitles Plaintiff to recovery of damages, to include the forfeiture of all monies received by Defendant under all related governmental contracts and/or federal funds or federal assistance received. It is asserted that Defendant received federal funds or supplements or loans through its own

nteractions and/or through government contracts as a supplier, contractor and/or sub-contractor, including PPP funds.

**D.      Claims For Discrimination and Retaliation Arising Under the Age Discrimination in Employment Act**

31.     Alternatively, Plaintiff asserts the action arises under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. section 623 et seq.

32.     Plaintiff Dunleavy realleges and incorporates the allegations contained in Paragraphs 1 through16 as if fully restated herein.

33.     Defendant intentionally discriminated and retaliated against Plaintiff in violation of the ADEA by subjecting Plaintiff to the unlawful discriminatory and retaliatory actions described above. Defendant retaliated against Plaintiff because of her complaints of and opposition to race, national origin, age and sex discrimination. As a result of the unlawful discriminatory and retaliatory actions of Defendant as described above, Plaintiff has suffered, and will continue to suffer actual damages in the form of lost wages, medical and mental health costs, both past and future, and lost employment benefits., age

34.     As a result of Defendant's unlawful sex, race and/or national origin discrimination and retaliation, Plaintiff has suffered compensatory damages by reason of emotional pain, suffering, inconvenience, mental anguish, loss of reputation, loss of enjoyment of life, and other non-pecuniary damages.

35.     At all times relevant to this action, Defendant acted with malice or reckless indifference to Plaintiff's federally protected rights, thus entitling Plaintiff to punitive damages.

35. Plaintiff is also entitled to reasonable attorneys' fees and costs.

36. Plaintiff was formerly an employee within the meaning of the ADEA and belongs to a class protected under the statute. Defendant is an employer within the meaning of the ADEA.

37. Defendant intentionally discriminated against Plaintiff because of her age in violation of the ADEA by subjecting her to discrimination and a hostile environment and wrongful termination after her complaints.

38. Defendant intentionally discriminated and retaliated against Plaintiff in violation of the ADEA by subjecting Plaintiff to the unlawful discriminatory and retaliatory actions described above. Defendant retaliated against Plaintiff because of her complaints of and opposition to race, national origin, age and sex discrimination. As a result of the unlawful discriminatory and retaliatory actions of Defendant as described above, Plaintiff has suffered, and will continue to suffer actual damages in the form of lost wages, medical and mental health costs, both past and future, and lost employment benefits.

39. As a result of Defendant's unlawful sex, race, age and/or national origin discrimination and retaliation, Plaintiff has suffered compensatory damages by reason of emotional pain, suffering, inconvenience, mental anguish, loss of reputation, loss of enjoyment of life, and other non-pecuniary damages.

40. At all times relevant to this action, Defendant acted with malice or reckless indifference to Plaintiff's federally protected rights, thus entitling Plaintiff to punitive damages.

41. Plaintiff is also entitled to reasonable attorneys' fees and costs.

## IV. JURY DEMAND

42. Plaintiff requests trial by jury on all claims.

## V. PRAYER FOR RELIEF

Wherefore, Plaintiff requests that on final trial, Plaintiff have judgment against Defendant as follows:

1. Judgment against Defendant for Plaintiff's actual damages, including lost wages,

2. bonuses, salary and benefits (both back pay and front pay), in an amount to be determined;

3. Judgment against Defendant for liquidated damages for the maximum amount allowed by law, including doubling of all back pay awarded;

4. An order that Defendant take such other and further actions as may be necessary to redress Defendant's violation of the of the applicable statutes and any other applicable claims including reinstatement, if warranted or feasible;

5. Recoverable damages under the section 504 Rehab Act claim;

6. Pre-judgment and post-judgment interest at the maximum amount allowed by law;

7. Costs of suit, including expert's fees and attorney's fees;

8. The award of such other and further relief, both at law and in equity, including injunctive relief and reinstatement, to which Plaintiff may be justly entitled.

Respectfully submitted,

PONCIO LAW OFFICES
A Professional Corporation
5410 Fredericksburg Road, Suite 109
San Antonio, Texas  78229-3550
Telephone:     (210) 212-7979
Facsimile:      (210) 212-5880

<u>/s/ Adam Poncio</u>
ADAM PONCIO
State Bar No. 16109800
Southern District I.D. No. 194847
Salaw@msn.com

**ATTORNEYS FOR PLAINTIFF**